IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | ) Criminal No. 14-121 |
| | ) |
| STANLEY MOORE, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

**I.     Introduction**

Pending before the court is a motion for early termination of supervised release filed by counsel on behalf of defendant Stanley Moore ("Moore") (ECF No. 985). Moore argues that his term of supervised release should be terminated because he has demonstrated he is employed, drug-free, law-abiding and would like to relocate to Texas. The government filed a response in opposition (ECF No. 992), contending that early termination of Moore's term of supervised release is not in the interest of justice or warranted by the factors set forth in 18 U.S.C. § 3553(a). Moore's motion for early termination of supervised release is fully briefed and ripe to be decided by the court.

**II.     Procedural History**

On February 16, 2016, Moore pleaded guilty to conspiracy to distribute cocaine. On June 24, 2016, that court sentenced Moore to a term of imprisonment of "time served" (approximately 5 months), followed by a term of supervised release of 55 months, with the first 6 months to be served at the Wilkum House or another community confinement center (Judgment, ECF No. 732).

On August 10, 2017, Moore was placed on home detention, with his consent, after he was charged with purchasing approximately $1,000 with a fake credit card (ECF No 826). In October 2017, the probation office reported that Moore pleaded guilty to one count of disorderly conduct, the remaining charges were withdrawn, and he was removed from home detention (ECF No. 828).

On numerous occasions from April through July 2019, Moore either tested positive for cocaine or failed to appear for testing or drug treatment. On August 14, 2019, the court revoked Moore's supervised release and sentenced him to 3 months in prison, followed by a new term of supervision of 24 months (ECF No. 920). Moore was released from prison on November 1, 2019, and has completed roughly two-thirds of his term of supervised release.

On December 4, 2019, the probation office filed a petition to revoke his supervised release because he failed to comply with the condition that he reside at a sober living community (for example, the Salvation Army Harbor Light program if he volunteers to participate in that program) (ECF No. 926). The probation office reported that Moore had been discharged from the Alpha House program due to a confrontation with another participant and was residing with his girlfriend.

The court has held numerous conferences with Moore. On December 19, 2019, the court began a hearing on the supervised release petition. Moore argued that he believed the condition that he reside in a sober living community was voluntary and that he was maintaining sobriety in his current living situation. The court did not make any findings and continued the hearing for 90 days, to resume on March 19, 2020, if necessary. Since that time, the court has held periodic status conferences, at which the probation officer reported that Moore continued to do well, remaining employed, drug-free and compliant with his conditions.

On September 23, 2020, Moore made a motion to dismiss the petition as moot. The court ordered a drug test and directed the probation officer to consult with the prosecutor about whether the petition should be withdrawn. Moore's drug test was clean, but the prosecutor informed the court that the petition would not be withdrawn.

On October 28, 2020, the court held a videoconference hearing. Moore admitted a Grade C violation of his supervision for not residing in a sober living community. The court imposed no sanction and granted the government's motion to remove the condition that Moore live in a sober living community.

The instant motion followed. During a hearing in August 2019, the court indicated its receptivity to terminating supervision early to facilitate Moore's plan to relocate to Texas: "And also explore, if you're doing really well, if you're able to get a job, maybe you have some skills you can go down there and look for work, and we can terminate your supervision early." (ECF No. 966 at 33).

### III.  Discussion

#### A.  Applicable Law

A district court has the discretion to grant the early termination of a defendant's term of supervised release[1] under 18 U.S.C. § 3583(e). United States v. Melvin, No. 20-1158, 2020 WL 6108619, at *3 (3d Cir. Oct. 16, 2020). Pursuant to § 3583(e):

> [t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—

---

[1]   Supervised release "serves an entirely different purpose than the sentence imposed under § 3553(a)." Pepper v. United States, 562 U.S. 476, 502 n. 15 (2011). It "fulfills rehabilitative ends, distinct from those served by incarceration." United States v. Johnson, 529 U.S. 53, 59 (2000).

> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). As specified in § 3583(e)(1), in exercising its discretion, the district court must consider the following factors:

- the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1);

- the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(B)-(D);

- the sentencing range established by the Sentencing Commission, § 3553(a)(4);

- any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5);

- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6); and

- the need to provide restitution to any victims of the offense, § 3553(a)(7).

"After considering these factors, the court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." Melvin, 2020 WL 6108619, at *3. District courts need not make specific findings of fact with respect to each § 3553(a) factor; it is sufficient for the court to state that it considered the statutory factors. Id. "Defendant bears the burden of establishing that his conduct and the interests of justice justify an early termination of supervised release." United States v. Williams, No. CRIM.A. 02-216, 2006 WL 618849, at *1 (E.D. Pa. Mar. 13, 2006).

The Third Circuit Court of Appeals recently clarified that the *general rule* is that early

4

termination of a term of supervised release under § 3583(e)(1) "will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." Id. (quoting United States v. Davies, 746 F. App'x 86, 89 (3d Cir. 2018), cert. denied, 139 S. Ct. 1275, 203 L. Ed. 2d 280 (2019)). The court of appeals in Melvin explained:

> That is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release.

Id. The court of appeals, however, "disavow[ed] any suggestion that new or unforeseen circumstances *must* be shown." Id. (emphasis added).[2] In other words, "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." Id. The district court must be "satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." Id. (quoting 18 U.S.C. § 3583(e)(1)).

The court will consider the pertinent factors set forth in § 3553(a) as instructed in § 3583(e)(1), to the extent possible, to determine whether early termination of Moore's term of supervised release is warranted by his conduct and in the interest of justice.

### B. Section 3553(a) Factors

#### 1. The nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1)

Moore has a long history of substance abuse. His crime of conviction was a cocaine conspiracy and his original term of supervised release was revoked because he had a relapse.

---

[2] The court of appeals explained that the language in United States v. Laine, 404 F. App'x 571, 573-74 (3d Cir. 2010), that "early termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it," is not based upon the statute and is not binding precedent. Melvin, 2020 WL 6108619 at *3.

Moore was in criminal history category IV.  The court recognizes that Moore has engaged in substantial rehabilitative efforts and is now employed and in a stable living situation.  For over a year, Moore has been drug-free.  The court applauds Moore's efforts and urges him to continue living a law-abiding life.

Although cocaine distribution conspiracies are, by nature, serious and represent a danger to the community, Moore's role was reflected in the 5-month, "time served" sentence he received.  Moore has demonstrated his commitment to a sober lifestyle, free from the relapse that caused his supervision to be revoked in 2019.  This factor weighs slightly in favor of early termination of his supervised release.

> 2. *The need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, §§ 3553(a)(2)(B)-(D)*

A lengthy term of supervision deters criminal conduct and protects the public from further crimes by a defendant.  Moore, however, has demonstrated for over a year that he is employed, drug-free and living a law-abiding life.  At this point in time, supervision is not needed to protect the public or provide Moore with vocational training or substance abuse treatment.  The court is aware that Moore's conduct may be an indication that supervised release is achieving its intended purposes, but concludes that this factor weighs in favor of early termination of Moore's supervision.

> 3. *The sentencing range established by the Sentencing Commission, § 3553(a)(4)*

The original advisory guideline range for imprisonment would have been 24-30 months, and Moore served approximately 5 months on his original sentence.  Moore served another 3 months in prison in 2019, when his supervision was revoked.  He has served approximately 2/3

of his current term of supervision (17 of 24 months).  The court notes that Moore was also on supervised release for over 3 years, from June 2016 until August 2019.  This factor is neutral as to early termination of supervised release.

> **4. Any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5).**

The parties did not discuss any pertinent policy statements.

> **5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6).**

There is no evidence that Moore's term of supervised release should be terminated to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

> **6. The need to provide restitution to any victims of the offense, § 3553(a)(7).**

This factor is not applicable.

### C.  Whether early termination is warranted and in the interest of justice

This factor weighs most heavily in the court's analysis.  In support of his motion, Moore asserts that he achieved the conditions the court outlined in 2019 for the early termination of supervised release to enable his relocation to Texas.  He has abided by all conditions of supervised release, maintained sobriety and employment.

As the government accurately points out, the court recognizes that compliance with the conditions of supervision, including refraining from engaging in criminal conduct, is *required* behavior while serving a term of supervised release. United States v. Banks, No. 04-176, 2015 WL 926534, at *4 (W.D. Pa. Mar. 4, 2015) (citing United States v. Medina, 17 F. Supp. 2d 245,

247 (S.D.N.Y. 1998) ("While [the defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule.")). The fact of compliance may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects on the supervised individual and community.

The interests of justice, however, are an important part of the analysis.  Moore has consistently articulated a particular hardship that he experiences due to the terms of his supervision – namely, that it inhibits his ability to relocate to Texas.  Moore has explored whether his supervision can be transferred to Texas, but without success.  Moore's conduct while on supervision was problematic at first, but for more than a year has been commendable.  After considering the foregoing § 3553(a) factors, the court concludes the interests of justice are best served by early termination of his term of supervised release.

### IV.     Conclusion

Based upon the foregoing, the court will GRANT the motion for early termination of supervised release (ECF No. 985).

An appropriate order follows.

Dated: March 17, 2021                                BY THE COURT:

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Judge